FİLED

February 23 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

No. DA 06-0149

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 51

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

MICHAEL LETASKY,

      Defendant and Appellant.

FILED

FEB 2 3 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 05-1101
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jeffrey G. Michael, Attorney at Law, Billings, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

        Brent Brooks, Billings City Attorney; Melanie S. Pfeifer,
Deputy Billings City Attorney, Billings, Montana

Submitted on Briefs: November 1, 2006

Decided: February 23, 2007

Filed:

_____
             Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Michael Letasky (Letasky) appeals from the judgment and order of the Thirteenth Judicial District Court, Yellowstone County, denying Letasky's motion to dismiss charges of misdemeanor criminal contempt for violating the terms and conditions of his suspended sentence. We reverse and remand with instructions.

¶2 We review the following issue on appeal:

¶3 Did the District Court correctly rule that an offender can be charged with misdemeanor criminal contempt for violating a condition of his suspended sentence?

## FACTUAL AND PROCEDURAL HISTORY

¶4 The Billings Municipal Court found Letasky guilty of partner/family member assault on December 28, 2004. The Municipal Court sentenced Letasky to 365 days in jail, with all but three days suspended subject to several conditions, including the condition that Letasky would have no contact with his ex-wife, Christen Letasky ("no contact" condition).

¶5 Christen Letasky contacted the Billings Police Department on April 10, 2005, complaining that Letasky had called her 16 times that day. Officer Mayo of the Billings Police Department responded to Christen Letasky's home, where he answered Christen's telephone only to find Letasky on the other end of the line.

¶6 The City filed a petition in the Municipal Court on August 10, 2005, seeking to revoke Letasky's suspended sentence for the partner/family member assault charge in

light of the fact that Letasky had violated the "no contact" condition in his suspended sentence. The Municipal Court held a hearing on August 29, 2005, where it determined that Letasky had violated the "no contact" condition. The Municipal Court revoked Letasky's suspended sentence, assessed him a fine, and reminded Letasky that "there is still a no contact order with the victim, Christen Letasky."

¶7 Officer Mayo filed a separate complaint with a supporting affidavit alleging that Letasky had committed criminal contempt by contacting Christen Letasky in violation of the terms and conditions of his suspended sentence. Letasky filed a motion to dismiss the charge of criminal contempt on August 30, 2005, alleging that the facts in the complaint and the affidavit failed to support the charge of criminal contempt.

¶8 The Municipal Court denied Letasky's motion to dismiss on October 11, 2005. Letasky entered a plea of guilty to the criminal contempt charge on October 27, 2005, with the understanding that he would appeal to the District Court the Municipal Court's denial of his motion to dismiss. Letasky filed a notice of appeal to District Court and a motion to stay execution of the judgment on October 27, 2005. Letasky filed another motion to dismiss the charges of misdemeanor criminal contempt in the District Court. The District Court denied Letasky's motion to dismiss, determining that "the Municipal Court acted within its statutory powers to hold Letasky in criminal contempt for allegedly violating the no contact portion of his sentencing order." This appeal followed.

3

## STANDARD OF REVIEW

¶9     We review a grant or denial of a motion to dismiss in a criminal case *de novo*. *State v. Mallak*, 2005 MT 49, ¶ 13, 326 Mont. 165, ¶ 13, 109 P.3d 209, ¶ 13.

## DISCUSSION

¶10     Section 45-7-309(1)(c), MCA, provides that "[a] person commits the offense of criminal contempt when he knowingly engages in any of the following conduct: . . . (c) purposely disobeying or refusing any lawful process or other mandate of the court . . . ." The parties dispute whether the phrase "process or other mandate of the court" found in § 45-7-309(1)(c), MCA, encompasses a condition of a suspended sentence. The District Court reasoned that the "plain meaning of the words in MCA § 45-7-309(1)(c) allow the Municipal Court to find a defendant in contempt of court when the defendant fails to comply with the sentencing order." Letasky argues that he was "not 'ordered' to comply with the conditions of probation . . . ," and the revocation of his suspended sentence should have been the sole remedy for his failure to abide by its conditions.

¶11     We construe a statute to ascertain the legislative intent and give effect to the legislative will. *S.L.H. v. State Compensation Mut. Ins. Fund*, 2000 MT 362, ¶ 16, 303 Mont. 364, ¶ 16, 15 P.3d 948, ¶ 16. We interpret a statute first by looking to the statute's plain language, and if the language is clear and unambiguous, no further interpretation is required. *S.L.H.*, ¶ 17. Statutory construction should not lead to absurd results if a reasonable interpretation can avoid it. *State v. McGowan*, 2006 MT 163, ¶ 15, 332 Mont. 490, ¶ 15, 139 P.3d 841, ¶ 15.

4

¶12    The Municipal Court's sentencing order provides the following:

*IT IS ORDERED:*

> Defendant serve 365 days in the City/County jail with all but 3 days suspended on the condition that defendant complies with the following conditions . . . Defendant shall have no contact with the victim.

¶13    The court's order does not "mandate" that Letasky "have no contact with the victim;" rather, the order suspends his sentence on the *condition* that he "have no contact with the victim." This condition does not fall within the plain meaning of the phrase "mandate of the court." *S.L.H.*, ¶ 17. Letasky was not acting under an independent order to refrain from contacting Christen Letasky. As a result, he cannot be found in contempt for violating a "mandate of the court." *See Goodover v. Lindey's, Inc.*, 257 Mont. 38, 42, 847 P.2d 699, 701 (1993) (reasoning that "[i]f there is no command, there is no disobedience.").

¶14    The State argues that no difference exists between a condition of a suspended sentence and a "mandate of the court" for purposes of § 45-7-309(1)(c), MCA, as both direct the defendant to do or refrain from doing a specific act. The State glosses over an important distinction between these two directions, however, by taking the condition out of context and ignoring its statutory origin. *See, e.g., People v. Johnson*, 20 Cal. App. 4th 106, 111, 24 Cal. Rptr. 2d 628, 631 (Cal. App. 2 Dist. 1993) (drawing a distinction between an order directing a defendant to do or refrain from doing a particular act—that could be punished by contempt—and a conditional order that states either the ramifications of its violation or has such consequences established by law).

5

¶15 A condition of a suspended sentence, unlike an order of the court, is not an independent mandate of the court. A condition of a suspended sentence represents a requirement that the Montana Code permits a court to place upon its order suspending an offender's sentence. Section 46-18-201(4), MCA. A condition of a suspended sentence would be meaningless without reference to the independent mandate, specifically, the order of suspended sentence, that it conditions.

¶16 The State's interpretation of § 45-7-309(1)(c), MCA, also would be contrary to legislative intent and lead to absurd results. *See McGowan*, ¶ 15. The Montana Code indicates that the legislature did not intend for criminal contempt to be available as a remedy when an offender violates a condition of his suspended sentence. The legislature did not list criminal contempt in § 46-18-203(7), MCA, as among the enumerated consequences that a court may impose upon an offender who violates a condition of his suspended sentence. Section 46-18-203(7), MCA, only allows a court to (i) continue the suspended or deferred sentence without a change in conditions; (ii) continue the suspended sentence with modified or additional terms and conditions; (iii) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence; or (iv) if the sentence was deferred, impose any sentence that might have been originally imposed.

¶17 Moreover, § 46-18-203(7), MCA, directs the court that when revoking a suspended sentence it may not impose a punishment that exceeds the punishment that

6

could have been imposed for the original underlying offense. A court could circumvent the limitations in § 46-18-203(7), MCA, if the State was allowed to charge an offender with criminal contempt for breaching a condition of his suspended sentence. The court could enhance the original sentence by reinstating the offender's original sentence and then adding up to six months in jail and up to a $500 fine for the misdemeanor criminal contempt charge. Section 45-7-309(2), MCA.

¶18 We note that an offender may be prosecuted for a crime, of course, if the facts that establish the offender's non-compliance with a condition of his suspended sentence also establish the elements of a crime. The offender may not be prosecuted, however, based only on the breach of the condition itself. *Williams v. State*, 528 A.2d 507, 510 (Md. App. 1987) (holding a condition of probation may be enforced only through the power to revoke the probation, not through contempt proceedings).

¶19 We reverse and remand with instructions for the District Court to dismiss Letasky's charge of misdemeanor criminal contempt.

_____
Justice

We concur:

_____
Chief Justice

7

John Warner

Patricia Cotter

_____
Justices

Justice Jim Rice specially concurs.

¶20    The defendant's sentence imposed the "no contact" mandate only and specifically as a condition of the suspension of 362 days out of a 365-day jail sentence. The sentence concluded by stating that "IT IS FURTHER ORDERED: Failure to comply with the above conditions may result in a revocation of the suspended sentence."

¶21    Based upon the plain wording of the defendant's sentence herein, our statutes, and case authority for the proposition that such conditions do not constitute independent "mandates" or "orders" which are punishable, upon violation, by a separate contempt charge, I believe the conclusion reached by the Court is correct. *See People v. Johnson*, 20 Cal. App. 4th 106, 24 Cal. Rptr. 2d 628 (1993); *Jones v. United States*, 560 A.2d 513 (D.C. Ct. App. 1989); *Williams v. State*, 528 A.2d 507 (Md. App. 1987). There is authority for the contrary position, notably from Illinois, the source state of our criminal code, *see People v. Boucher*, 535 N.E.2d 56, 58 (Ill. App. 1989), and for other approaches, *see State v. Williams*, 560 A.2d 100, 104 (N.J. Super. 1989) (noting that "Tennessee has taken a middle ground, allowing the sentencing judge to choose either punishment . . . ."). However, I concur with the Court. While a defendant's post-sentencing conduct may support the filing of a new criminal charge, I do not believe the mere violation of a condition of a suspended sentence will alone support a contempt charge.

¶22    However, I also believe our statutes confer sufficient authority upon sentencing courts to protect the victim and avoid this result. In addition to the authority to impose

9

conditions of a deferred or suspended sentence, the statutes also authorize "restrictions" to be imposed upon a defendant at sentencing. "[T]he sentencing judge may impose upon the offender any reasonable *restrictions or conditions* during the period of the deferred imposition or suspension of sentence." Section 46-18-201(4), MCA (2003) (emphasis added). Authority is specifically provided, in cases such as this one, for "*any other* reasonable restrictions or conditions considered necessary . . . for the protection of the victim or society . . . ." Section 46-18-201(4)(n), MCA (2003) (emphasis added). Thus, like other sentencing restrictions, such as the imposition of restitution or license suspension, a no contact order could be imposed upon a defendant as a stand-alone restriction and sentence requirement. Violations of such stand-alone restrictions, which are not imposed as a condition of a deferred or suspended sentence, would support, in my view, an independent charge for contempt, to be filed in the discretion of the prosecution, in addition to any other remedies.

/s/ Jim Rice

Justice