Justice Beth Baker delivered the Opinion of the Court.
**402 ¶1 The State charged Jeremy Larsen with felony possession of methamphetamine and with misdemeanor possession of marijuana after officers found the drugs during a search incident to arrest. A Hill County jury found Larsen guilty on both counts. The Twelfth Judicial District Court sentenced Larsen as a Persistent Felony Offender (PFO) to ten years in Montana State Prison, with none suspended, for the felony conviction. Larsen raises three issues on appeal:
*696 1. Did trial counsel provide ineffective assistance by failing to file a motion to suppress evidence found during the search incident to arrest because Larsen's initial arrest was illegal?
2. Did trial counsel provide ineffective assistance by incorrectly advising the District Court that Larsen's sentence could not be deferred or suspended?
3. Does the sentence illegally include multiple court information technology ("I.T.") fees?
We affirm Larsen's conviction, but reverse Larsen's sentence and remand for a new sentencing hearing.
PROCEDURAL AND FACTUAL BACKGROUND
On the morning of October 5, 2014, Officer Jesse Eller of the Havre Police Department saw Larsen and Robert Sunchild walking down an alley. He recognized both men from prior contacts and knew that Larsen was out on bond for pending charges. The conditions of Larsen's release order prohibited him from having contact with victims or witnesses related to his pending charges. The order stated that Larsen was "subject to immediate arrest upon violation of these conditions, and a hearing will thereafter be set."[1] Officer Eller **403 confirmed through dispatch that Larsen was not allowed to have contact with Sunchild as a condition of his bond. Officer Eller approached Larsen and asked Larsen directly whether he was permitted to have contact with Sunchild. Larsen confirmed that his bond conditions prohibited him from having contact with Sunchild. Officer Eller directed Sunchild to leave the area and told Larsen that he was under arrest "for violation of conditions of release."
¶2 After arresting Larsen, Officer Eller conducted a search incident to arrest. Knowing that Larsen was diabetic, he asked if Larsen had any needles on him. Larsen stated that there was a needle in his right sock, which Officer Eller found. Officer Eller testified that he observed a plastic bag protruding from the front pocket of the hooded sweatshirt Larsen was wearing. As Officer Eller reached into the pocket to retrieve the plastic bag, Larsen stated that it was not his sweatshirt. Officer Eller found what was later confirmed as marijuana buds in the plastic bag. He also found a vile containing a small quantity of a white powdery substance, later confirmed as methamphetamine, in the sweatshirt pocket.
¶3 The State charged Larsen with misdemeanor criminal possession of dangerous drugs under § 45-9-102(2), MCA, for the marijuana and with felony criminal possession of dangerous drugs under § 45-9-102(3), MCA, for the methamphetamine. The State also sought PFO status. This was Larsen's second designation as a PFO, subjecting him to sentencing under § 46-18-502(2), MCA (2013).[2] At the omnibus hearing before trial, defense counsel did not move to suppress physical evidence gathered during the search incident to arrest and left blank the portions of the omnibus hearing memorandum pertaining to suppressing physical evidence due to illegal search and seizure or illegal arrest. During trial, the District Court admitted the evidence from the search without objection from Larsen. The jury convicted Larsen of both counts.
¶4 During sentencing, Larsen spoke on his own behalf and asked the court for credit for time served and a suspended sentence with a recommendation to participate in treatment court. He reasoned that it was a non-violent possession charge and that "they have that **404 opportunity here now ... that they did not then on, you know, drug related crimes." Larsen's counsel, however, told the court that the "bare minimum" sentence was ten *697 years without suspension or deferment. The District Court asked defense counsel, "Now, you tell me to give him the mandatory minimum. Do you agree that that's ten years? That I cannot suspend or defer a ten-year sentence." Defense counsel replied, "Unfortunately, I do agree that it is, your Honor." After hearing testimony and arguments, the District Court sentenced Larsen to ten years. The District Court repeatedly stated its dissatisfaction with this sentence. During the hearing, the District Court stated:
I do find that that sentencing guideline is inconsistent with the term of this sentence that I must give in this case. That, I will put on the record, that I find that a ten-year sentence for simple possession, which is what this is, simple possession, is inappropriate. Now, that's not taking into consideration your history, obviously. Once I've taken that into consideration, then I must do it. I must give that as a sentence.
After announcing the sentence, the District Court stated, "I want it clear that I would not impose a sentence for criminal possession on a felony or a misdemeanor on this, if were [sic] it not for the PFO statute." And in the written sentence, the District Court wrote under the reasons for the sentence, "This is an unfortunate circumstance, but the Court has no choice since it is required by Persistent Felony Offender status."
¶5 The written judgment imposed a separate court information technology fee on each conviction.
STANDARDS OF REVIEW
¶6 Claims of ineffective assistance of counsel are mixed questions of law and fact that we review de novo. State v. Jefferson , 2003 MT 90, ¶ 42, 315 Mont. 146, 69 P.3d 641. We review a criminal sentence imposing over one year of incarceration for legality. State v. Hinshaw , 2018 MT 49, ¶ 7, 390 Mont. 372, 414 P.3d 271.
DISCUSSION
¶7 Article II, Section 24, of the Montana Constitution and the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, guarantee a defendant the right to effective assistance of counsel. See State v. Kougl , 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095. We have adopted the two-pronged test of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to **405 review ineffective assistance of counsel claims. Kougl , ¶ 11. Under the Strickland test, the defendant must (1) demonstrate that "counsel's performance was deficient or fell below an objective standard of reasonableness" and (2) "establish prejudice by demonstrating that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Kougl , ¶ 11 (quoting State v. Turnsplenty , 2003 MT 159, ¶ 14, 316 Mont. 275, 70 P.3d 1234 ). A strong presumption exists that counsel's conduct falls within the wide range of reasonable professional conduct. Kougl , ¶ 11.
¶8 When defendants raise ineffective assistance of counsel claims on direct appeal, we first determine whether the claims are more appropriately addressed in a post-conviction relief proceeding. Kougl , ¶ 14. "[A] record which is silent about the reasons for the attorney's actions or omissions seldom provides sufficient evidence to rebut" the strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct. State v. Sartain , 2010 MT 213, ¶ 30, 357 Mont. 483, 241 P.3d 1032. If we cannot answer from the record "the question 'why' counsel did or did not take the actions constituting the alleged ineffective assistance, the claims are better raised by a petition for post-conviction relief where the record can be more fully developed, unless 'no plausible justification' exists for the defense counsel's actions or omissions." Sartain , ¶ 30 (quoting Kougl , ¶¶ 14-15 ) (internal citations omitted).
¶9 1. Did trial counsel provide ineffective assistance by failing to file a motion to suppress evidence found during the search incident to arrest because Larsen's initial arrest was illegal?
¶10 Larsen argues that his counsel was ineffective because there was "no plausible justification" to not file a motion to suppress the evidence found during the search *698 incident to arrest based on the unlawfulness of the arrest itself. Larsen contends that violating the conditions of release is not a lawful basis for a warrantless arrest because § 46-6-311(1), MCA, allows an officer to arrest a person without a warrant only "if the officer has probable cause to believe that the person is committing an offense or that the person has committed an offense and existing circumstances require immediate arrest." Larsen argues that violating the conditions of his bond is not itself an "offense" under the statutory definition or an independent basis for criminal contempt. See §§ 46-1-202(15), 45-7-309(1)(c), MCA. Therefore, Officer Eller had no probable cause to initiate a warrantless arrest under § 46-6-311(1), MCA, and was required to first obtain a warrant under §§ 46-9-503 and -505, MCA. Larsen argues that because the motion to **406 suppress would have been successful, his trial counsel had no plausible justification not to file the motion and was therefore ineffective.
¶11 The State counters that §§ 46-9-503 and -505, MCA, do not provide the exclusive mechanisms for arresting a person who violates a condition of bail or release. Further, the State argues that Officer Eller did have probable cause to arrest Larsen without a warrant for committing criminal contempt under § 45-7-309(1)(c), MCA. The motion to suppress therefore would not be obviously meritorious or arguably successful. The State concludes that the ineffective assistance of counsel claim is inappropriate on direct appeal because there are plausible justifications for counsel's failure to file the motion.
¶12 Larsen bears a heavy burden in bringing this non-record-based claim. Trial counsel is afforded considerable latitude, and Larsen "must overcome the presumption that, under the circumstances," counsel's decision could be considered a sound strategy. Strickland , 466 U.S. at 689, 104 S.Ct. at 2065. In order for Larsen to succeed on direct appeal notwithstanding the silent record, he must rebut the strong presumption that counsel's decision not to seek suppression falls within the wide range of reasonable professional conduct. Sartain , ¶ 30.
¶13 Larsen relies on our decision in State v. Letasky , 2007 MT 51, 336 Mont. 178, 152 P.3d 1288, which held that a defendant could not be charged separately with criminal contempt for violating the conditions of a suspended sentence. Letasky , ¶ 16. Rather, the penalties for violating such conditions are enumerated in the statute. See § 46-18-203(7), MCA ; Letasky , ¶ 16. Since Letasky , we have not addressed directly whether a defendant may be charged with criminal contempt for violating bail conditions. But the bail order releasing Larsen pending trial on the earlier charge stated that he was "subject to immediate arrest upon violation of these conditions." Counsel likely was aware of this order and would have had to mount a collateral attack against the order's "immediate arrest" provision to challenge the search incident to his arrest that led to the new charges. Whether the bail release order was proper, and whether Letasky 's rationale would extend to a release order with its specific language, are not so clear as to support a conclusion that counsel's failure to pursue suppression lacked any plausible justification. See Sartain , ¶ 31 (recognizing that there was "at least a plausible justification for the attorney's omissions" where defense counsel could "believ[e] the grounds for the objection were meritless."); see also Foston v. State , 2010 MT 281, ¶ 12, 358 Mont. 469, 245 P.3d 1103 ("Courts do not require counsel to **407 anticipate future decisions."). We decline to address Larsen's ineffective assistance of counsel claim on direct appeal.
¶14 2. Did trial counsel provide ineffective assistance by incorrectly advising the District Court that Larsen's sentence could not be deferred or suspended?
¶15 Larsen argues that trial counsel was ineffective for telling the District Court that his sentence could not be suspended or deferred. Relying on State v. Brendal , 2009 MT 236, 351 Mont. 395, 213 P.3d 448, Larsen argues that if a district court determines "that incarceration of the defendant is not appropriate" for a person convicted of a dangerous drug felony under Title 45, chapter 9, MCA, the court has alternative sentencing authority under § 45-9-202, MCA, to suspend or defer sentences, even if the defendant is designated as a PFO. Larsen argues that *699 trial counsel's error prejudiced him, because the District Court repeatedly expressed its frustration with sentencing Larsen to ten years in prison with no suspension or deferment under the PFO statute and there is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Kougl , ¶ 11 (quoting Turnsplenty , ¶ 14 ).
¶16 The State responds that counsel correctly answered the court's questions and that Larsen cannot establish prejudice because he cannot show a reasonable probability that the District Court would have suspended or deferred his sentence. The State argues that the court expressed frustration with the length of the sentence, not with incarceration.
¶17 In Brendal , we addressed whether district courts maintained alternative sentencing authority under § 45-9-202, MCA, for individuals convicted of dangerous drug offenses in Title 45, chapter 9, MCA, when the defendant was designated as a PFO. We explained that the alternative sentencing provisions of § 45-9-202, MCA, are permissive and that if a district court determines that incarceration is inappropriate, the defendant "may, in lieu of imprisonment" under the PFO statutes, "be sentenced according to the alternatives" provided in § 45-9-202(2), MCA. See Brendal , ¶ 29 (quoting § 45-9-202(1), MCA ). If the district court determines that incarceration is appropriate, however, the provisions of the PFO statute provide the guidelines for imprisonment. Brendal , ¶ 29.
¶18 Larsen's trial counsel incorrectly advised the District Court that it had no authority to suspend or defer Larsen's sentence. The court asked counsel, "Now, you tell me to give him the mandatory minimum. Do you agree that that's ten years? That I cannot suspend or defer a ten-year sentence?" Counsel answered, "Unfortunately, I do **408 agree that it is, your Honor." We reject the State's narrow construction of this exchange. The District Court was not asking what the PFO statute required in a vacuum, but rather what authority the court had to give Larsen a sentence that departed from the PFO minimum requirements. Larsen was convicted of a felony drug offense under Title 45, chapter 9, MCA. Given our precedent in Brendal , counsel's erroneous answer to the District Court's inquiries constituted deficient performance and fell below an objective standard of reasonableness.
¶19 The second prong of Strickland requires that Larsen show prejudice from counsel's deficient performance. Given the District Court's oral and written expressions of frustration with the sentence under the PFO statutes, we are unable to determine-as the State suggests-that the court would not have suspended Larsen's sentence. Larsen has demonstrated "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Kougl , ¶ 11 (quoting Turnsplenty , ¶ 14 ). Trial counsel's deficient performance prejudiced Larsen during sentencing. Larsen is entitled to a new sentencing hearing.
¶20 3. Does the sentence illegally include multiple court information technology ("I.T.") fees?
¶21 Larsen argues, and the State concedes, that under § 3-1-317(1)(a), MCA, and State v. Pope , 2017 MT 12, ¶ 32, 386 Mont. 194, 387 P.3d 870, the District Court improperly imposed multiple court I.T. user surcharges in Larsen's sentence. On remand for new sentencing, the District Court is directed to impose only one court I.T. user surcharge.
CONCLUSION
¶22 Larsen's conviction is affirmed. We reverse Larsen's sentence and remand for a new sentencing hearing in accordance with this opinion.
We concur:
INGRID GUSTAFSON, J.
JAMES JEREMIAH SHEA, J.
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

The Order Setting Bail and Conditions of Release for Cause No. DC-14-090 is not part of the district court record for Cause No. DC-14-116, from which Larsen appeals. We take judicial notice of the order pursuant to M. R. Evid. 202(b)(6) and (f)(1).

The 2017 Legislature amended the persistent felony offender statutes for offenses committed after June 30, 2017. 2017 Mont. Laws ch. 321, § 44. The Montana Code Annotated 2013 applies to the charges at issue in this case. See State v. Tracy , 2005 MT 128, ¶16, 327 Mont. 220, 113 P.3d 297 ("We have consistently held that a person has the right to be sentenced under the statutes which are in effect at the time of the offense.").