

FILED

09/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0668

DA 18-0668

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 236N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

SKYLER TRISTAN SCHNEIDER,

      Defendant and Appellant.

FILED

SEP 14 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2017-287
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Lisa S. Korchinski, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  August 25, 2021

Decided:  September 14, 2021

Filed:

                       _____
                                Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Skyler Schneider (Schneider) appeals the September 26, 2018 Judgment and Commitment Order of the First Judicial District Court, Lewis and Clark County, convicting him of deliberate homicide and tampering with or fabricating physical evidence. Schneider asserts that his trial counsel was ineffective because there was "no plausible justification" for his counsel's failure to file a motion to suppress the murder weapon after conflicting testimony about its evidentiary integrity. We affirm.

¶3 In May 2018, a jury convicted Schneider for fatally shooting his live-in girlfriend, 23-year-old Katie Spencer, through the front window of her parked car. Schneider, who had called 911 to report Spencer's condition, was arrested on site as he exited a nearby alley, still on the phone with dispatch. Police spotted a single bullet hole through the vehicle's front windshield, a spent 9mm shell casing four feet from Spencer's car, and a 9mm *Taurus* semi-automatic handgun, which belonged to Spencer, in the bushes along the same alleyway from which Schneider had emerged. Officers on scene discussed that the gun appeared to have a reddish-brown spot on the end of the barrel, which they speculated could be blood; however, they did not make note of it in their report, the State crime lab

2

did not test it, nor did the lab's forensic report mention any substance on the barrel of the gun.

¶4 During the final pre-trial conference on April 18, 2018, the parties discussed the unknown status of the blood evidence on the weapon. The State agreed to seek clarification and Schneider's counsel suggested that she may also inquire with the crime lab, though the record is unclear as to whether either inquiry occurred.

¶5 At trial, the State admitted a photograph of the weapon into evidence. Schneider's trial counsel introduced the question of the unknown and untested substance to the jury in her opening statement. Counsel also cross-examined both officers who thought there may have been blood on the gun and the technician who testified that there was no blood on the weapon at the time of forensic testing.

¶6 The jury returned a guilty verdict. The District Court sentenced Schneider to life for deliberate homicide and a concurrent sentence of ten years for tampering with or fabricating physical evidence.

¶7 Ineffective assistance of counsel (IAC) claims are mixed questions of fact and law that are reviewed de novo. *State v. Ward*, 2020 MT 36, ¶ 15, 399 Mont. 16, 457 P.3d 955; *State v. Hinshaw*, 2018 MT 49, ¶ 8, 390 Mont. 372, 414 P.3d 271; *State v. Larsen*, 2018 MT 211, ¶ 6, 392 Mont. 401, 425 P.3d 694. We review IAC claims on direct appeal if the claims are based solely on the record. *Ward*, ¶ 15; *Hinshaw*, ¶ 21; *State v. Main*, 2011 MT 123, ¶ 48, 360 Mont. 470, 255 P.3d 1240.

3

¶8 A record-based claim is a claim in which counsel's course of action—or failure to act—is fully explained by the record. *State v. White*, 2001 MT 149, ¶¶ 15, 20, 306 Mont. 58, 30 P.3d 340. If the record on appeal explains "why," this Court will address the issue on direct appeal. *State v. Kougl*, 2004 MT 243, ¶ 14, 323 Mont. 6, 97 P.3d 1095. Alternatively, and as Schneider asserts here, a claim can be record-based if there is "no plausible justification" for defense counsel's action or inaction. *Kogul*, ¶ 15; *see State v. Jefferson*, 2003 MT 90, ¶¶ 46–50, 315 Mont. 146, 69 P.3d 641 (finding defense counsel's admission that the defendant was guilty of felony assault undermined his attempt to obtain a complete acquittal on all charges); *State v. Rose*, 1998 MT 342, ¶ 18, 292 Mont. 350, 972 P.2d 321 (holding defense counsel's failure to ask for a jury instruction to view accomplice's testimony with suspicion constituted IAC).

¶9 When reviewing IAC claims, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861; *State v. Colburn*, 2018 MT 141, ¶ 21, 391 Mont. 449, 419 P.3d 1196. The rule under *Strickland* requires the defendant to show (1) that his counsel's performance was deficient, and (2) the deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

¶10 The first prong of the *Strickland* test begins with a strong presumption that trial counsel's performance was based on sound trial strategy and falls within the broad range of reasonable professional conduct. *State v. Hamilton*, 2007 MT 223, ¶ 16, 339 Mont. 92, 167 P.3d 906. The defendant must establish that his counsel's performance fell below an

4

objective standard of reasonableness. *Whitlow*, ¶ 14; *Bishop v. State*, 254 Mont. 100, 103, 835 P.2d 732, 734 (1992). To show prejudice, the defendant alleging IAC must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Stock v. State*, 2014 MT 46, ¶ 19, 374 Mont. 80, 318 P.3d 1053 (internal citations omitted). "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove . . . that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 2583 (1986).

¶11 Schneider argues his counsel was ineffective because counsel failed to file a motion to suppress the gun based on the unresolved issue of whether there was blood on the barrel. Schneider maintains that there was no plausible justification for his counsel's conduct, constituting deficient performance. The State contends that Schneider's counsel used the apparent evidentiary inconsistencies to argue against the weight of the evidence at trial but had little more than conjecture to form the basis of an argument for inadmissibility.

¶12 The State classifies Schneider's challenge as suggesting a "chain of custody" violation that finds no support in the record. Schneider casts his attorneys' alleged ineffectiveness as a failure to "follow through with challenging the stain (or lack thereof) depicted on the barrel of the alleged murder weapon." What Schneider fails to do, however, is provide a cogent argument as to how the possible reddish-brown spot on the murder weapon provided any basis to suppress the murder weapon. Schneider's claim does not

5

overcome the strong presumption that his counsel's strategy fell within the broad range of reasonable professional conduct.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Schneider has failed to establish that his counsel was ineffective. His conviction is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6