FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0040

DA 20-0040

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 281

STATE OF MONTANA,

Plaintiff and Appellee,

v.

KENNETH RAYMOND TIPTON,

Defendant and Appellant.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Meagher, Cause No. DC-18-08
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Alexander H. Pyle, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

Burt Hurwitz, Meagher County Attorney, Cory Swanson, Special Deputy
County Attorney, White Sulphur Springs, Montana

Submitted on Briefs:  September 29, 2021

Decided:  November 2, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Defendant Kenneth Raymond Tipton appeals the November 19, 2019 Amended Sentence and Judgment following his convictions in the Fourteenth Judicial District Court, Meagher County, of Count I: Indecent Exposure to a Minor, in violation of § 45-5-504(1)(b) and (3), MCA (amended October 2015); Count II: Sexual Abuse of Children, in violation of § 45-5-625(1)(c) and (4), MCA (amended October 2017); and Count III: Sexual Abuse of Children, in violation of § 45-5-625(1)(c) and (2)(b), MCA (amended October 2017). We restate and address the following issues:

1. *Whether Tipton's trial counsel provided ineffective assistance of counsel by failing to challenge the statutory basis for Count I when the statute upon which the charge was based did not go into effect until after one of the alleged incidents occurred.*

2. *Whether the* ex post facto *application of § 45-5-625(1)(c), MCA, for Count II and Count III should result in remand for a new trial or acquittal of the charges.*

¶2 We reverse and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 The State alleged five incidents of sexual misconduct by Tipton against his minor grandnieces and grandnephew: V.B., A.B., and T.B. The incidents are alleged to have occurred between July 2015 and early 2017.

(1) The State alleged that during the Fourth of July holiday in 2015, while V.B. was camping with extended family, she stepped into her grandfather's camper to change out of her swimsuit, and Tipton entered the room in which she was changing and began to remove his shorts and underwear.

(2) The State alleged that in 2016, while visiting Tipton's home, Tipton exposed his penis to V.B. and showed her a pornographic image on his cell phone.

(3) The State alleged that in approximately 2016 or 2017, Tipton showed A.B. a pornographic image while she was visiting his home.

(4) The State alleged that sometime before July 2016, Tipton took T.B. on an errand. On the way home, Tipton pulled over, displayed pornography on his cell phone, and masturbated while T.B. remained in the passenger seat.

(5) The State alleged that during a family reunion in July 2016, Tipton took T.B. on an errand, and on the way home, pulled off into a dark parking lot, displayed pornography on his cell phone, and masturbated while T.B. remained in the passenger seat. During this incident, Tipton allegedly asked T.B. if he wanted to hold the phone and if he wanted to masturbate as well.

The State charged Tipton with three counts—Count I: Indecent Exposure to a Minor based on the July 2015 and 2016 incidents involving V.B.; Count II: Sexual Abuse of Children based on the incident involving A.B.; and Count III: Sexual Abuse of Children based on the incidents in 2016 involving T.B.

¶4 The State charged Tipton with violations of sections of the Montana Criminal Code without citing the effective date of the statutes. The State charged Count I as a violation of § 45-5-504(1)(b) and (3), MCA. Section 45-5-504, MCA, was enacted in 1973 and amended several times, including in 1999. The version in effect from 1999 to October 2015 did not differentiate between indecent exposure and indecent exposure *to minors*, nor did it prescribe a different sentence for indecent exposure to minors. Prior to October 2015, the maximum sentence for this offense was ten years.

¶5 In October 2015, § 45-5-505(3), MCA, went into effect. Subsection (3) states:

(a) A person commits the offense of indecent exposure to a minor if the person commits an offense under subsection (1) and the person knows the conduct will be observed by a person who is under 16 years of age and the offender is more than 4 years older than the victim.

3

(b) A person convicted of the offense of indecent exposure to a minor shall be fined an amount not to exceed $50,000 or be imprisoned in the state prison for a term of not less than 4 years, unless the judge makes a written finding that there is good cause to impose a term of less than 4 years and imposes a term of less than 4 years, or more than 100 years, or both.

Section 45-5-503(3), MCA (2015). The version of § 45-5-504, MCA, that went into effect in October 2015 carries a more severe punishment than the prior version of the statute.

¶6     The State charged Count II as a violation of § 45-5-625(1)(c) and (4), MCA, and Count III as a violation of § 45-5-625(1)(c) and (2)(b), MCA. The charging documents did not specify the effective date of the statutes charged. Section 45-5-625, MCA, was amended in October 2017. Prior to October 2017, subsection (1)(c) stated:

(1) A person commits the offense of sexual abuse of children if the person:

.   .   .

(c) knowingly, by any means of communication, including electronic communication, persuades, entices, counsels, or procures a child under 16 years of age or a person the offender believes to be a child under 16 years of age to engage in sexual conduct, actual or simulated.

Section 45-5-625(1)(c), MCA (2015). The October 2017 amendment added the italicized language below:

(1) A person commits the offense of sexual abuse of children if the person:

.   .   .

(c) knowingly, by any means of communication, including electronic communication *or in person*, persuades, entices, counsels, *coerces, encourages, directs*, or procures a child under 16 years of age or a person the offender believes to be a child under 16 years of age to engage in sexual conduct, actual or simulated, *or view sexually explicit material or acts for the purpose of inducing or persuading a child to participate in any sexual activity that is illegal*.

4

Section 45-5-625(1)(c), MCA (2017) (emphasis added). Prior to the 2017 amendment, it was not a stand-alone crime to show a minor sexually explicit material such as pornography. All of the alleged conduct for Count II and Count III occurred prior to the effective date of § 45-5-625(1)(c), MCA (2017).

¶7 The State's original Information for Count I cited to alleged conduct occurring in 2016 and 2017. On March 25, 2019, the District Court held a final pretrial hearing and addressed the State's Amended Information. Tipton was present with his counsel. The District Court asked the State if the Amended Information included a "substantive change." The State replied:

> Your Honor, the only change is inclusion of the year 2015 in Count I . . . . There's no allegation of change of acts or individuals involved. It was simply inclusion of the year 2015, as well as the previous alleged years of 2016 and 2017.

¶8 The District Court then clarified with Tipton:

> THE COURT: So, you heard did you that essentially the nature of the amendment is the State has included a different date of the alleged offense, along with a previous one that was included, and that in actuality that's the sum and substance of the amendment?
>
> THE DEFENDANT: Yes, Your Honor. I talked to my lawyer about it and she explained it to me.

The District Court then asked if Tipton understood that by including the year 2015 that the "possible penalties remain the same." Tipton assented and his counsel did not object.

¶9 The matter proceeded to a six-day jury trial. Both parties called several witnesses to testify regarding the various incidents. Seven witnesses testified regarding their memories of events surrounding the July 2015 incident. Several witnesses were asked to

5

describe in detail the layout of the campground, who they recalled being present, and the activities engaged in over the Fourth of July holiday.

¶10     On the last day of trial, the District Court instructed the jury as to the specific elements of each count.  The jury was not instructed to consider the 2015 and 2016 incidents separately in determining whether Tipton was guilty of Count I.  During closing arguments, the State noted that each *count* is separate, but not each incident.  The State emphasized that any of the incidents related to Count I were sufficient for a finding of guilty:

> So, with [V.B.] we talked about three different things that [Tipton] did.  So, the way that's charged is it's charged as one or more.  So, we talked about three things [undressing in the camper in 2015, exposing his penis and showing her a pornographic image in 2016].  If you think he only did one of those things, then it's still guilty.  If you find that he did all three of those things, it's guilty.

¶11     The jury found Tipton guilty on all three counts.

## STANDARD OF REVIEW

¶12     Ineffective assistance of counsel (IAC) claims present mixed questions of law and fact and are reviewed de novo.  *State v. Johnston*, 2010 MT 152, ¶ 7, 357 Mont. 46, 237 P.3d 70 (citing *State v. Kougl*, 2004 MT 243, ¶ 12, 323 Mont. 6, 97 P.3d 1095).

## DISCUSSION

> 1. *Whether Tipton's trial counsel provided ineffective assistance of counsel by failing to challenge the statutory basis for Count I when the statute upon which the charge was based did not go into effect until after one of the alleged incidents occurred.*

¶13     This Court will only review an IAC claim on direct appeal if the basis for the claim can be found in the record or if there is no plausible justification for defense counsel's

performance. *State v. Larsen*, 2018 MT 211, ¶ 8, 392 Mont. 401, 425 P.3d 694. If there is no legitimate reason for the defense counsel's actions, there is no need to inquire as to the reasoning behind the choices made. *State v. Crider*, 2014 MT 139, ¶ 36, 375 Mont. 187, 328 P.3d 612; *Kougl*, ¶ 15.

¶14 Tipton argues his IAC claim is reviewable on direct appeal because it is a result of his counsel's failure to object to an *ex post facto* application of the Montana Criminal Code. Article I, Section 10, of the United States Constitution and Article II, Section 31, of the Montana Constitution prohibit *ex post facto* application of laws. *State v. Leistiko*, 256 Mont. 32, 36, 844 P.2d 97, 99 (1992). We apply a two-part test to determine whether an application of a statute violates the prohibition of *ex post facto* laws. *Leistiko*, 256 Mont. at 36-37, 844 P.2d at 100. First, the law must be retrospective, and second, it must disadvantage the offender affected by it. *Leistiko*, 256 Mont. at 36-37, 844 P.2d at 100 (citing *Miller v. Florida*, 482 U.S. 423, 430, 107 S. Ct. 2446, 2451 (1987)). "[I]n criminal cases, the law in effect at the time of the alleged offense applies in any subsequent criminal prosecution." *City of Missoula v. Zerbst*, 2020 MT 108, ¶ 12, 400 Mont. 46, 462 P.3d 1219.

¶15 Count I charged Tipton with a crime—Indecent Exposure to Minors—that was not in effect during the alleged July 2015 incident and was therefore applied retrospectively. The post-October 2015 version of § 45-5-504, MCA, imposes a penalty ten times more severe than the law in effect during the 2015 incident. Although this count also charged conduct that occurred after the law was in effect, the events were grouped into Count I and the jury was instructed to consider any and all of the conduct against V.B. in order to

7

convict Tipton of Count I. The retrospective application of the statute was an *ex post facto* application of § 45-5-504, MCA.

¶16 The State concedes that the 2015 incident cannot form the basis of Tipton's conviction on Count I. But the State argues that there is a reasonable justification for Tipton's counsel's failure to object to the *ex post facto* charge brought against him and therefore Tipton's claim of record-based IAC must fail. To the extent Count I pertained to the 2015 incident, the State prosecuted Tipton for conduct that under the correct statute could result in a ten-year maximum sentence, but as charged, subjected him to a maximum sentence of 100 years. There is no plausible justification for an attorney to allow the *ex post facto* application of a sentence that places his client in jeopardy of a sentence that is ten times the length of the sentence to which he would otherwise be subjected. Tipton's IAC claim is appropriate for consideration on direct appeal.

¶17 To prevail on an IAC claim, a petitioner must show both that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387. This Court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" contemplated by the Sixth Amendment. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. To show prejudice, the defendant must show that there is a reasonable probability the verdict would have been different but for counsel's deficient performance. *Kougl*, ¶ 25.

¶18 There being no plausible justification for defense counsel's failure to object to the State adding Tipton's alleged 2015 conduct to the Amended Information, it naturally

8

follows that defense counsel's conduct falls outside the bounds of reasonable professional assistance. The minimum standard of care demands that trial counsel "evaluate the statute under which [their] client was charged and advise [] accordingly." *State v. Becker*, 2005 MT 75, ¶ 19, 326 Mont. 364, 110 P.3d 1. Tipton's counsel failed to recognize that, as to the 2015 allegation, Tipton was being prosecuted under a statute that did not apply and carried a substantially more severe penalty.

¶19 As to the second *Strickland* prong, trial counsel's failure to object to the statute under which Tipton was prosecuted resulted in prejudice. Prejudice is shown by "a probability sufficient to undermine confidence in the outcome" but need not establish the defendant would have been acquitted. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Kougl*, ¶ 25. Tipton argues that this case is similar to *State v. Price*, where the defendant was convicted of a felony when a portion of the conduct charged was during a time when the punishment was only a misdemeanor. *State v. Price*, 2002 MT 284, 312 Mont. 458, 59 P.3d 1122. The jury was instructed to consider the entire time period when determining guilt, and this Court found that the jury could have convicted the defendant of a felony for the conduct subject only to a misdemeanor. *Price*, ¶ 28. Similarly, Tipton argues that there is a reasonable probability that the outcome of his conviction on Count I could have been different—Tipton may have been acquitted of the 2016 incidents subject to the more severe penalty and found guilty of the 2015 incident that was only subject to a maximum sentence of ten years.

¶20 The State argues that Tipton suffered no prejudice because there was sufficient evidence presented to the jury regarding the 2016 incident. But the record reflects that the

9

2016 incident occurred in a home with an open floor plan, with the dining room looking directly into the living room, where there were other adults mere feet away at the time of the alleged conduct. The other adults present during the 2016 incident testified they did not see anything that corroborated V.B.'s allegation. Moreover, the State spent much of the six days of trial establishing the events surrounding the July 2015 incident with nearly every lay witness describing the campground and surrounding circumstances. The jury was instructed that *either* the 2015 or 2016 incidents were sufficient to find Tipton guilty of Count I, and the verdict form does not indicate whether the jury convicted Tipton of the 2015 incident, the 2016 incident, or both. In its closing, the State argued to the jury that if it found that Tipton committed only one of the acts that formed the basis for Count I, "then it's still guilty." The State "encouraged the jury to consider the very evidence that it now contends could not have contributed to the jury's verdict." *Price*, ¶ 29. Since there is no practical or possible way for this Court to ascertain which incident led to Tipton's conviction for Count I, "it is impossible to determine the period of time" upon which Tipton's conviction is based. *Price*, ¶ 30. Trial counsel's error prejudiced Tipton's defense.

¶21 Tipton argues that because he *could* have been convicted only based on the 2015 incident, the Court should remand for resentencing on that basis. But just as we cannot know whether the jury convicted Tipton on Count I based only on the 2016 incident, we likewise cannot know whether the jury convicted Tipton based only on the 2015 incident. We reject Tipton's argument that this case should be remanded for resentencing.

¶22 Tipton's counsel provided record-based ineffective assistance that requires reversal and remand for a new trial.

*2. Whether the* ex post facto *application of § 45-5-625(1)(c), MCA, for Count II and Count III should result in remand for a new trial or acquittal of the charges.*

¶23 The parties agree that Count II and Count III were the result of an *ex post facto* application of the law because the October 2017 amendment of § 45-5-625(1)(c), MCA, was applied to pre-October 2017 conduct. The parties disagree as to the remedy. Tipton argues that because he was incorrectly charged, there was insufficient evidence to support the convictions of the particular crime, Sexual Abuse of Children, that became effective after the alleged conduct. The State urges the Court to apply the procedural remedy established in *Montana v. Hall*, 481 U.S. 400, 107 S. Ct. 1825 (1987), that when a conviction rests on a defective charging document, the conviction can be vacated and remanded for a new trial. *Hall*, 481 U.S. at 404, 107 S. Ct. at 1827 (citing *United States v. Ball*, 163 U.S. 662, 672, 16 S. Ct. 1192, 1195 (1896)).

¶24 When a defendant's conviction is set aside "because of some error in the proceedings leading to conviction," remanding for a new trial may be "necessary in order to ensure the 'sound administration of justice.'" *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S. Ct. 285, 289 (citing *Ball*, 163 U.S. at 672, 16 S. Ct. at 1195; *United States v. Tateo*, 377 U.S. 463, 466, 84 S. Ct. 1587, 1589 (1964)). Allowing a defendant to obtain an acquittal for charges based on a collateral attack, such as defective charging documents, would be "a high price indeed for society to pay" and would defeat the "societal interest in punishing one whose guilt is clear." *Lockhart*, 488 U.S. at 38, 109 S. Ct. at 289 (quoting *Tateo*, 377 U.S. at 466, 84 S. Ct. at 1589). Remand for a new trial serves defendants' interests as well, for "it is at least doubtful that appellate courts would be as zealous as they

11

now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution." *Tateo*, 377 U.S. at 466, 84 S. Ct. at 1589.

¶25 Insufficiency of the evidence is not the proper inquiry when the success of the appeal is due to defective charging documents. Acquittal may be the appropriate remedy when, under properly charged offenses, a conviction results based on insufficient evidence. Tipton does not contend there was insufficient evidence to convict him of the charges based on the statute as amended in 2017. The reason why Tipton's convictions for Count II and Count III cannot be affirmed is because defective charging documents resulted in an *ex post facto* application of law prohibited by the United States and Montana Constitutions. As in *Hall*, the State "simply relied on the wrong statute." Remand for a new trial is the appropriate remedy. *Hall*, 481 U.S. at 404, 107 S. Ct. at 1827.

## CONCLUSION

¶26 Tipton's convictions as to Count I, Count II, and Count III are reversed. This matter is remanded to the District Court for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE